Theya Kanagaratnam
2316 Lakeshore Avenue, #16
Oakland, CA 94606
510-356-5776
theyak101@yahoo.com
Pro Se Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

THEYA KANAGARATNAM

                    Plaintiff,

        vs.

CENLAR FSB,

                    Defendant.

Case No.   **3:23-cv-02637-JD**

OPPOSITION AND RESPONSE
TO DEFENDANT'S MOTION
TO DISMISS

Date:  9/14/23
Time: 10:00 AM
Court Room: 11

**Judge:  Hon. James Donato**

### Points And Authorities In Support Of Plaintiff's Opposition and Response

For the following reasons and all others discussed in Plaintiff's First Amended Complaint (FAC), Defendant's motion to Dismiss should be denied:

### A.  The FAC Clearly States Claims Upon Which Relief Can Be Granted:

#### 1.  Plaintiff has already Discharged the Alleged Debt

1.    Even in the face of Defendant's failure to prove standing, Plaintiff has discharged and set-off the alleged debt by tendering two legal tender instruments each in the amount of $71,000 as a Private Banker of Private Bankers National Banking Association (PBNBA) (EXHIBIT L).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

2.  That Plaintiff disputes on whole the arguments of Defendant given the apparent failure of consideration for **Defendant's** alleged claim of an actual delivery of a loan of money in the amount of 100,000.00 to Plaintiff that was originally claimed or asserted by Defendant can only be described as unethical, false, unjust enrichment and fraud in factum in light of the fact that Corporation Code 107 is binding upon Defendant doing business in California state. The burden of proof is heavy for Defendant who claims and asserts that they delivered (Civil Code 1478) to Plaintiff a loan of money in the amount of 100,000.00 in the lawful money of the United States as mandated by Corp. Code 107. So who is foolin' whom?

3.  That Plaintiff is not in receipt of any admissible evidence filed of record that **Defendant** ever delivered a loan of money in the amount of 100,000.00 to Plaintiff at any time in the past and Plaintiff certainly did not receive such amount on October 2006, and believes that none exist.

4.  Since Defendant does business in California, said business is bound by and subject to the specific performance provisions of California Corporation Code in general and in this instant particular dealing with money is bound by Corp Code §107, Civil Code §1478, or suffer the penalties of Penal Code § 648 which each code section provides in pertinent part that:

    **California Corporation Code § 107** No corporation, social purpose corporation, association, or individual shall issue or put in circulation, **as money, anything but the lawful money of the United States.**      Emp added **bold** mine

    **Civil Code § 1478** Performance of an obligation for **the delivery of money only, is called payment.**      Emp added **bold** mine

    **Penal Code § 648** Every person who makes, issues, or puts in circulation any bill, check, ticket, certificate, **promissory note**, or the paper of any bank, **to circulate as money**, except as authorized by the laws of the United States, for the first offense, **is guilty of a misdemeanor, and for each and every subsequent offense, is guilty of felony.**      Emp added **bold** mine

    All the above laws are consistent with, bound to and point to:

**Title 12 U.S.C. § 411. Issuance to reserve banks; nature of obligation; redemption**
<u>**Federal reserve notes**</u>, to be issued at the discretion of the Board of Governors of the
Federal Reserve System for the purpose of making advances to Federal reserve banks
through the Federal reserve agents as hereinafter set forth and for no other purpose, are
authorized. The said notes shall be obligations of the United States and shall be
receivable by all national and member banks and Federal reserve banks and for all taxes,
customs, and other public dues. <u>**They shall be redeemed in lawful money on demand**</u>
at the Treasury Department of the United States, in the city of Washington, District of
Columbia, or at any Federal Reserve bank.                    Emp added <u>**bold**</u> mine

5.  The above referenced statutes are controlled by the mandate of the federal injunction and

requirement of I, Section 10, Clause 1 of the American Constitution as it pertains to the

subject of tender of obligations in payment of debt, to wit:

No State shall. . .make anything but gold and silver coin a tender in payment of debts;

This provision of the supreme Law of the Land is binding upon California as well as the
rest of the American states of the American Union as a matter of law.  For any
corporation to conduct its business pursuits in one of the states of the Union must
conduct such pursuits in a medium of exchange established by the supreme Law of the
Land.  Thus any corporation conducting its business pursuits within the exterior
territorial limits of California outside of a federal enclave (area) must comply with the
above cited provisions of law without fail.

6.  That since Defendant relies upon the promissory note filed of record, Counsel has a

heavy burden of proof to bring before the court evidence of **Defendant's** actual delivery

of 100,000.00 of lawful money of the United States in light of the fact that Plaintiff has

been informed, therefore believes and further alleges that there is no lawful money of the

United States in current general circulation, given the fact that the current issuance of

Federal Reserve Notes no longer contain on their face the verbiage stated in Title 12

U.S.C. 411 supra, to wit:

<u>**"They shall be redeemed in lawful money on demand**</u> at the Treasury Department of
the United States, in the city of Washington, District of Columbia, or at any Federal
Reserve bank"

7.  That Plaintiff has further been informed that the Internal Revenue Code addressing

<u>**worthless securities**</u> at § **165(g)(2)(C)** clearly defines **(2) Security defined**

For purposes of this subsection, the term "<u>**security**</u>" means-
(A) a share of stock in a corporation;
(B) a right to subscribe for, or to receive, a share of stock in a corporation; or

**(C) a bond, debenture, <u>note</u>, or certificate, or other evidence of indebtedness,** issued by a corporation or by a government or political subdivision thereof, with interest coupons or in registered form.  Emp added **bold** mine

And further addressing debt instruments at IRC **1275(a)(1)(A)**
**§1275. Other definitions and special rules**
**(a) Definitions**
For purposes of this subpart-
**(1) Debt instrument**
**(A) In general**
Except as provided in subparagraph (B), the term "**<u>debt instrument</u>**" means a **<u>bond</u>**, debenture, **<u>note</u>,** or **certificate or other evidence of indebtedness**.

Emp added **bold** mine

8.  From all the foregoing it is clear to Plaintiff that a worthless security/debt instrument have no intrinsic value that can be employed to comply with the requirement of a valuable consideration in a loan agreement by **Defendant** in comportment with the federal injunction and requirement of Article I, Section 10, Clause 1 supra as a matter of law and to the shock of Plaintiff, Plaintiff is persuaded to believe that beginning from Plaintiff's birth, all the days that Plaintiff has lived in America, all that Plaintiff and the rest of us has ever received from labor or other services rendered were gross receipts of worthless securities/debt instruments. Absolutely unconscionable.

9.  That neither the Internal Revenue Code nor the Revenue & Taxation Code  defines *"money,"* but the courts have concluded that **it does not embrace** bonds, debentures, **notes** or other evidence of indebtedness.  ***Knox v. Lee***, 12 Wall 552, ***Bank of N.Y. v. New York County***, 7 Wall 26.

10.  That the United States Supreme Court has held that debts that are not redeemable are valueless.  **Ontario Bank v. Lighbody**, 3 Wend. 101, **Eckart v. Burnet**, 283 US 140, **Helvering v. Price**, 309 US 409, **Gregory v. Helvering**, 293 US 465, **Putnam v. Commissioner**, 352 U.S. 82 (1956) **Williams v. Commissioner**, (1977) 429 U.S. 569.

11.  That debt instruments like Federal Reserve Notes which lack the ability of redemption cannot form the basis of a tax obligation under the IRC or R&TC due to the inherent diminished fair market value and irredeemable nature of said debt instruments in light of IRC § § § 1(f)(3), (4), (5); 63 (c) (4), R&TC §§ 17041(h), 18501(c) and HJR 192 supra.

12.    That the U.S. Supreme Court in ***Williams v. Commissioner*** supra, held that a debt cannot be taxed as income because a debt is something that may never be paid.

13.    That Federal Reserve Notes meet the description and definition of "note" as defined in the IRC § 1275 as evidence of indebtedness and "worthless security" as defined in IRC § 165(g), see also R&TC § 19312.

14.    That if Federal Reserve Notes are by definition worthless securities and cannot form the basis by which to measure for taxable income, neither can they form the basis for a consideration of lawful money, especially so since they no longer are redeemable in lawful money of the United States.

15.    That in light of the remedy provision of **HJR 192 of June 5, 1933** and the guarantee of equal protection under the laws of consideration, currency and tender contained in the Fourteenth Amendment that Plaintiff respectfully request the honorable court to take mandatory judicial notice of Plaintiff's constitutionally guaranteed right to discharge any outstanding debt by asserting said remedy provided in HJR 192 supra as amended to a full and complete discharge of all monetary claims, debts and fees pertaining to this instant matter, dollar for dollar (promissory note for promissory note) or other **in like kind** medium of exchange consideration, currency and tender in the interest of fundamental fairness, imperative justice and the full due process of law.

16.    That Plaintiff reminds the honorable court that Peonage and involuntary servitude are expressly prohibited under the Thirteenth Amendment and R. S. §1990 [42 U.S.C. § 1994] ***Clyatt v United States*** (1905) 197 US 207, 49 L Ed 726, 25 S Ct 429; ***Bailey v Alabama*** (1911) 219 US 219, 55 L Ed 191, 31 S Ct 145; ***United States v Reynolds*** (1914) 235 US 133, 59 L Ed 162, 35 S Ct 86; ***Taylor v Georgia*** (1942) 315 US 25, 86 L Ed 615, 62 S Ct 415 as well as California Constitution at Article I, Section 6 and the court is duly notice of same.

17.    That in light of all the foregoing, Opposing Counsel's response is disingenuous and evidences a violation of FRCP Rule 11(b), (c) requirement to:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party **certifies** that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances**:

(1) **it is not being presented for any improper purpose, such as to harass**, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) **the claims**, defenses, and other legal contentions **are warranted by existing law** or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
    (c) Sanctions                   emphasis added **bold** mine

18. That the Truth in Lending Act was passed to prevent unsophisticated consumers from being misled as to total cost of financing by so-called lenders.

19. That the Truth in Lending Act is strictly a liability statute liberally construed in favor of consumers.

20. That Regulation Z - 12 CFR § 226.17(c)(1) and RESPA - Title 12 U.S.C. § 2605(e) require **full disclosure** of all the terms and conditions of loan agreement.

21. That despite all the foregoing, **Defendant** clearly deprived Plaintiff of the **right to full disclosure** to know what specific medium of exchange the purported loan of money in the amount of 100,000.00 was expressed in terms of, thus depriving Plaintiff to the full disclosure of everything pertaining to the subject loan of money. Clearly a willful violation of TILA, Regulation Z - 12 CFR § 226.17(c)(1) and RESPA - Title 12 U.S.C. § 2605(e) among other federal laws as well as California disclosure laws that protect the consumer.

22. That Plaintiff is a CREDITOR and as a Private Banker of PBNBA is  authorized to issue, Bills of Exchange and Registered New Credit Agreement Security NOTE Draft to set off debts which are prepared by a State Licensed PBNBA Member Processing Company and to conduct business of banking under Constitutional Common Law and United States Law.  These issuances are against the obligations of the United States due Plaintiff and other Private Citizens like Plaintiff under law:

Private Bankers of PBNBA consists of members of independent men and women sovereigns; any Person, Legal Entity, UNITED STATES CITIZENS, STATE CITIZENS, and the 50 organic republic state native born men and women as Private Bankers under **31 U.S.C. §5312(2)(C)**; **People v. Doty**, 80 N. Y. 228; **Auten v. Bank**, 174 U. S. 125, 19 Sup. Ct. 628, 43 L. Ed. 920; **Richmond v. Blake**, 132 U. S. 592, 10 Sup. Ct. 204, 33 L. Ed. 481; **Meadowcroft v. People**, 163 111. 56, 45 N. E 303, 35 L R. A. 176, 54 Am. St Rep. 447,  that are in the business of banking where members can Issue Note Securities with their signature (Autograph) and to discharge/ set off debts.

EXHIBIT R further provides evidence of the foundational laws under which PBNBA was formed and set up.

23. That if Defendant claims Plaintiff's legal tenders are "Vapor Money," then Defendant's alleged loan in the form of Federal Reserve Notes that are not backed up by Gold or Silver should also be referred to as like kind "Vapor Money."  All of which is guaranteed by the equal protection clause under the law provisions of the fourteenth Amendment as it pertains to the laws of consideration, currency and tender.

## 2.  **Defendant's Repeated Failure To Show Standing**

1. Defendant has had ample opportunity to arrange a time and place with Plaintiff in order to prove standing by bringing the original note with Plaintiff's wet-ink signature and solve this matter instead of calling it the popular "Produce the Note Theory."

2. This Plaintiff's demand to verify the debt by examining the original note with wet-ink signature cannot be construed as a "Produce the Note Theory" but must be taken as a serious matter under the law with dire consequences to Plaintiff and many home owners like Plaintiff all across this land.  What if, after this matter has been settled with Plaintiff's payment to the Defendant even in the face of Defendant's inability and failure to produce the Original Note with Plaintiff's wet-ink signature, some unknown third-party who acquired the note through Pooling and Servicing investment or by some other means comes to Plaintiff and demands payment from Plaintiff?  Plaintiff would then be forced to make payments to this unknown third-party or risk losing her home.

3. The only way this can be avoided is by Defendant producing the Original Note with Plaintiff's wet-ink signature and upon settlement, returning the Note back to Plaintiff as it is her property.  There can only be one and only one conclusion drawn from Defendant's failure to do so: that's Defendant is not in possession of the Original Note with Plaintiff's wet-ink signature.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

4.   This establishes that the chain-of-title has been broken and it can never be reverse engineered; therefore, this render's any contract Defendant may claim null and void. And this Note upon which Deed of Trust rests defective and unenforceable.

5.   The Deed of Trust is Defective and Unenforceable for the following additional reasons:

   1.   There is bifurcation.   The Note and Deed of Trust must be together at all times.  It is like a cat-and-a-tail.  They must travel together; one cannot be cut off from the other.  Both the body and the tail must be together; The tail cannot be removed from the body.  In the case of Carpenter v. Longan, 83 U.S. (16 Wall.)271 (1872), under a U.S. supreme court ruling, it states "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." If the Note and the Deed of Trust are separated, then bifurcation has occurred and that the Deed of Trust is defective and unenforceable.

   2.   Moreover, there are two distinctly different versions of the Deed of Trust exist in this case as shown in EXHIBIT M and EXHIBIT N.  Upon multiple demands by Plaintiff to verify the debt, each and every time, Defendant always and only sent EXHIBIT M as the "Certified True and Correct Copy" of the Deed of Trust along with the Note (EXHIBIT O).  The Deed of Trust in EXHIBIT M is not the one recorded with Alameda County Registrar of Deeds and distinctly different than EXHIBIT N, the Deed of Trust that was recorded with Alameda County Registrar of Deeds on October 10, 2006.  Page 1 and Page 2 of EXHIBIT M and EXHIBIT N are clearly not one and the same.  Page 1 of EXHIBIT M is unrecorded and says "When Recorded Mail To: Citibank"  whereas Page 1 of EXHIBIT N is recorded and says "When Recorded Mail To: Nationwide Appraisal Services Corp;" Page 2 of EXHIBIT M consists of two different notary seals and different signatures than Page 2 of EXHIBIT N.   These are irreconcilable differences that can never be reconciled.

Operating with two distinctly different Deed of Trusts (EXHIBIT M & EXHIBIT N) renders the entire Deed of Trust in EXHIBIT N Defendant is using to steal Plaintiff's home defective and unenforceable.

**3.   <u>Defendant Is Not A Party of Interest; Nor An Agency To A Principal of Interest</u>**

1.   Plaintiff had sued Defendant to demand that Defendant complied with long standing law and well-established principles of commerce.  Defendant has failed to comply.

2.   Plaintiff further demanded proof of Defendant's agency to represent a Principal with standing as a proper holder of the alleged obligation.  Defendant has failed to prove agency to such Principal.  Defendant has failed to show proof; therefore, the obvious conclusion is that no instrument exists wherein Plaintiff has an obligation to Defendant.

3.   Defendant failed to establish that it owned or held the Deed of Trust or the Note at the commencement of its foreclosure action; therefore, Defendant has no claim to Plaintiff's property or the right to prosecute any foreclosure.

4.   Plaintiff, further demanded that Defendant established the Entire chain of agency, from inception of the note up to the current alleged holder. Defendant has failed to do so as required by law; Chain of Title was broken, Note and the Deed of Trust were bifurcated, and lien positions were not perfected.  Defendant is not a real party party of interest; therefore, Defendant is not authorized to bring any foreclosure action.

**B.   <u>Defendant Is A Debt Collector And In Violations of FDCPA:</u>**

1.   Defendant had initiated a few hundred calls, sometimes twice a day and even on weekends and early mornings and evenings, to Plaintiff's personal telephone number from 1-800-242-7178 between January 2021 and February 2023 as listed in EXHIBIT Q.

2.   It can be stated that Defendant is a "repeated offender" as this Offence has been well-documented and illustrated by the Class Action Lawsuit Case #: 4:20-cv-40006 called

Ely Gemborys v. Cenlar Agency, Inc., which was brought against the Defendant in 2019 and was settled for $612,500 in Year 2021.  Defendant settled the Ely Gembory's lawsuit against it in Massachusetts in which the Plaintiff charged the Defendant and its sub-contractor companies as debt collectors in spite of counsel's statement that Defendant is not a debt collector.

3.  This goes to show the reckless disregard to the rule of law and the abusive nature of this Defendant as it is repeatedly engaged in the same misconduct.  It is crystal clear even in the face of such deep punishment, Defendant has not changed this abusive, harassing business malpractice and has failed to implement corrective measures to prevent such abuse and harassment to date as demonstrated by the evidence Plaintiff has obtained from her phone carrier.

4.  There were also Federal Forbearance Moratorium and Foreclosure Moratorium that were in effect during some of these time periods when Defendant was heavily engaged in this misconduct.

5.  Clearly, Defendant does not have an operation that properly trains its staff and follows rules and guidelines established by the Consumer Financial Protection Bureau (CFPB).  For example, at no time does CFPB ever advocate such abuse and misuse by employing such an overkill strategy that bears no fruit but causes anguish and distress and consumes people's time and life force.

C.  **Defendant has been Negligent And Still Is Negligent:**

Plaintiff repeats and incorporates what is stated in the First Amended Complaint with the same force and effect as if set forth at length herein.  Plaintiff has filed for Bankruptcy.  While Plaintiff is under Bankruptcy Protection, Defendant is continually sending Plaintiff Payment Invoices via USPS as well as still has it scheduled to steal Plaintiff's Property on October 31, 2023.  This again shows this Defendant has absolute and blatant

disregard for the rule of law.  Defendant's action has rippling effects in that Plaintiff is continuously bombarded with unwanted Sale Agents non-stop contacting her.

**D.  <u>Fraud in the Concealment and Inducement Claims:</u>**

Plaintiff repeats and incorporates what is stated in the First Amended Complaint with the same force and effect as if set forth at length herein.

**1.   <u>Pooling And Servicing of Plaintiff's Property Without Proper Disclosures</u>**

1.  A negotiable instrument like the Promissory Note can only be in one of two states: it is either a Note and treated and governed as such or it is a stock and treated and governed as such; it cannot be both a loan and stock at the same time. When it undergoes securitization, it is traded as a stock.  Once it is traded as a stock, it is forever a stock and regulated by SEC as a stock.  To use an analogy, the Note is like a carrot and through the Pooling and Servicing Agreement and it is registered with the SEC's Real Estate Mortgage Instrument Conduit (REMIC) Trust which is like a giant juicing machine consisting of thousands of carrots (Notes) and the end result is gallons and gallons of carrot juice and sold to thousands of people.  The state of the Note was converted into a stock, and Plaintiff's Note, unbeknownst to her, was sold to thousands of share-holders as a stock. Continuing on the analogy, it is like making carrot juice from thousands of carrots. It is now forever a stock just like carrot juice cannot be converted back to a carrot.

2.  The Note divided up into stock-shares and sold to thousands of share-holders cannot be reverse engineered to be a wholesome Note again.  It renders any contract that might have existed null-and-void; thus, this Deed of Trust is attempting to secure a Note that does not exist or valid.  Therefore, the Deed of Trust is defective and unenforceable.

1

**2.  Fraud In Concealment**

1.  Defendant had attempted to steal Plaintiff's home by initially scheduling to sell
    Plaintiff's home on June 20, 2023.

2.  In the first filing of the Motion to Dismiss of this case in Docket Document #8, Page 4,
    Line #9 filed on June 1, 2023, Defendant's Counsel states "There has been no Notice of
    Trustee's Sale recorded…to date" when, in fact, a Notice of Trustee's Sale was recorded
    at the Alameda County Registrar of Deeds on May 12, 2023 (EXHIBIT P) after publicly
    posting it on the outside gate that is used by all the residents of where Plaintiff lives.
    This blatant, wanton, wilful misrepresentation of the truth – a big lie- by the Defendant
    and its counsel is disconcerting and cannot be brushed aside as a mistake because
    Defendant's counsel took over the case after the Notice of Sale was recorded, and one
    cannot imagine her not inquiring the Defendant about the foreclosure sale date when
    taking on a case like this.   Defendant and Counsel colluding to intentionally
    misrepresent the truth while Plaintiff was faced with the prospect of imminently
    becoming homeless is not something to be taken lightly.

3.  What this court must take into account is the fact that Defendant has removed the case to
    federal court in hopes that this court by dismissing Plaintiff's complaint will sanction
    and endorse Defendant's apparent scheme of equating Defendant's mere paper and ink
    as the equivalent of Plaintiff's 30 years of sweat equity which is a kind way of saying the
    court is on board with the surreptitious scam of Defendant placing Plaintiff into
    involuntary servitude in willful violation of Amendment Thirteen.  This court must
    resolutely turn its face against such proposition as mandated by the oath of office sworn
    by the Honorable Judge assigned to this case as a matter of law.

**E.  Slander of Title**

Plaintiff repeats and incorporates what is stated in the First Amended Complaint
with the same force and effect as if set forth at length herein.

**F. Declaratory Relief Claim**

Plaintiff repeats and incorporates what is stated in the First Amended Complaint with the same force and effect as if set forth at length herein.

**G. Recission**

Plaintiff repeats and incorporates what is stated in the First Amended Complaint with the same force and effect as if set forth at length herein.

**H. Punitive Damages**

Plaintiff repeats and incorporates what is stated in the First Amended Complaint with the same force and effect as if set forth at length herein.   Additionally, Defendant's conduct of non-stop excessive calling of Plaintiff's personal phone for over a period of two years with over six hundred calls day-and-night is nothing short of pure abuse and harassment. This "Repeated Offender" should be held accountable with maximum punishment.

**I. Leave To Amend Complaint**

If Plaintiff needs to further Amend the Complaint, Court should oblige and should not deny justice.  Needless to say, this has been a mountainous undertaking on the part of the Plaintiff to present materials in the format that the court demands, and she can unknowingly make mistakes as this has been an overwhelming learning process. Therefore, Plaintiff should be granted additional opportunities to correct any mistakes.

**J. Defendant's Asking For Definitive Statement To Swat Away The Truth**

Defendant, in its desire to cover up its fraudulent stand and overwhelming misconduct, is attempting to Swat Away the Truth that is so clearly and crisply stated throughout Plaintiff's First Amended Complaint.  Plaintiff repeats and incorporates what is stated in the First Amended Complaint with the same force and effect as if set forth at length herein.

## Summary and Conclusions

WHEREFORE, with all the points Plaintiff has made above individually and collectively and in the First Amended Complaint lawfully present enormous grounds for cause of action and claims for which relief must be granted:

1. Plaintiff, as a Private Banker, has already discharged and set-off the alleged Debt.  If Defendant claims Plaintiff's legal tenders are "Vapor Money," then by the same token, Defendant's alleged loan in the form of Federal Reserve Notes that are **_not_** backed up by Gold or Silver should also be referred to as "Vapor Money." Plaintiff further demands Defendant proves that the Plaintiff's Security NOTE Draft is _not_ a Legal Security, a bank business instrument, AND is _not_ legal tender in payment Pursuant to **U.C.C. Article 3-§604 and U.C.C. Article 3-§603,** Constitutional, Cited Court cases, and Congressional Legislation in written findings of fact in conclusions of law.

   The "Payment must be in CASH Not in Kind has been updated with other Negotiable Instruments Acts such as the Legal Tenders Act to include U.C.C. Articles 3, 8, and 9 Securities; Promissory Note Securities; Bills of Exchange Securities; U.S. Company Script Federal Reserve Promissory Note Dollar commercial paper; and CASH Dollars are only _Perceived_ as money. In case of conflict, only an **Article III, judicial court of record under exclusive common law, the Supreme Law of the Land,** shall decide what actions should and must be taken as a result of unlawful actions or refusal to accept these security instruments by banks and financial institutions and other incorporated registered national associations.

   Therefore, Plaintiff demands a certified Release, Satisfaction and Reconveyance of both, the Mortgage Note and Mortgage Lien Security to be filed without delay, and originals with wet-ink signatured be hand delivered to this court to be given to Plaintiff as her rightful property, the true owner in due course after the court's written verification of authenticity.

1
2
3
4
5
6
7
8
9
10
11
12
13

2.  Defendant is a Debt Collector.  In the Ely Gembory's Class lawsuit, Plaintiff charged Defendant CENLAR as a Debt Collector, and this extremely negligent conduct of this Defendant has continually caused anguish and harm to tens of thousands of people nation-wide.  Defendant's conduct of non-stop excessive calling of Plaintiff's Personal Phone day-and-night for over a period of two years with over six hundred calls is nothing short of pure abuse and harassment.  Unless and until this "Repeated Offender" is punished severely for this conduct that had already affected over ten thousand People in Massachusetts and most likely countless number of others nation-wide, without a doubt, this conduct of negligence, abuse, and harassment will continue.  Therefore, it is incumbent upon this court and honorable judge to hold this Defendant accountable for this business malpractice and misconduct by dint and deceit for the sole purpose of unjust enrichment in willful violation of the ultra vires laws Defendant is absolutely bound to honor and uphold.

14
15
16
17
18
19
20
21
22
23
24
25
26

It would be a grave mistake to let Defendant get off easily as they have attempted to do with the Motion to Dismiss, especially on Docket Document #8 on June 1, 2023, Defendant blatantly lied in an attempt to steal Plaintiff's home quickly and make her homeless.  It is an obvious and undeniable misrepresentation of the truth.  If Defendant and counsel are willing to misrepresent something so obvious, publicly available and easily verifiable, then to what length would they go to conceal and misrepresent matters that take place behind closed doors in stealing this Plaintiff's and other people's properties should be of grave concern for all of America.  This court must take note of this blatant, wanton, wilful misrepresentation and deny Defendant's Motion to Dismiss this case and to hold Defendant and its co-conspirators accountable and uphold the rule-of-law.

Dated:  _August 22, 2023_        Respectfully Submitted: _Theya Kanagat_____
                                                                        Theya Kanagaratnam
                                                                        Pro Se Plaintiff