1  **Cuong M. Nguyen (SBN 248586)**
   *cmnguyen@ww.law*
2  **WOLFE & WYMAN LLP**
   **2212 Dupont Drive**
3  **Irvine, California 92612-1525**
   **Telephone:  (949) 475-9200**
4  **Facsimile:   (949) 475-9203**

5  **Attorneys for Defendant**
   **CENLAR FSB**

6

7

8                   **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10

11  THEYA KANAGARATNAM,                    Case No.: 3:23-cv-02637-JD

12            Plaintiff,                    Hon. James Donato
                                            Courtroom 11
13      v.
                                            **DEFENDANT, CENLAR FSB'S**
14  CENLAR FSB,                             **NOTICE OF MOTION AND MOTION**
                                            **TO DISMISS PLAINTIFF'S FIRST**
15            Defendants.                   **AMENDED COMPLAINT;**
                                            **MEMORANDUM OF POINTS AND**
16                                          **AUTHORITIES IN SUPPORT**
                                            **THEREOF**
17
                                            Date:      January 8, 2026
18                                          Time:      10:00 AM
                                            Courtroom: 11
19

20

21      **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

22      **PLEASE TAKE NOTICE** that on January 8, 2026 at 10:00 a.m., or as soon thereafter as the

23  matter may be heard, in Courtroom 11, before the Honorable James Donato, Defendant, CENLAR

24  FSB will and hereby does move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

25  Procedure, for an order dismissing the First Amended Complaint filed by Plaintiff, THEYA

26  KANAGARATNAM.

27      Defendant, CENLAR FSB requests that Plaintiff, THEYA KANAGARATNAM'S First

28  Amended Complaint be dismissed in its entirety, with prejudice, for failure to state a claim upon

which relief can be granted.

## ISSUES TO BE DECIDED

1.    Whether the Complaint states any claim upon which relief may be granted, including under the Fair Debt Collection Practices Act, for Negligence, Fraud in the Concealment, Fraud in the Inducement, Slander of Title, Declaratory Relief, or Rescission.

2.    Whether there is any plausible ability to further amend the First Amended Complaint to allege a cause of action.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the supporting Request for Judicial Notice and the exhibits thereto, the complete files in this action, argument of counsel, and such other matters as the Court may consider.

DATED:  November 21, 2025          WOLFE & WYMAN LLP


By:    _/s/ Cuong M. Ngueyn_____
       CUONG M. NGUYEN
       Attorneys for Defendant, **CENLAR FSB**

**TABLE OF CONTENTS**

I.      INTRODUCTION……………………………………………………………1

II.     FACTUAL BACKGROUND…………………………………………....……1

III.    PRIOR LITIGATION………………………………………………………..2

IV.     PLAINTIFF'S BANKRUPTCY FILINGS…………………………………2

V.      PLAINTIFF'S ALLEGATIONS…………………………………………4

VI.     LEGAL STANDARD…………………………………………………………5

VII.    ARGUMENT………………………………………………………………5

A.      Having Filed Bankruptcy, Plaintiff Lacks Standing to Pursue this Action…..…..……5

B.      The FAC Fails to State Claim to Challenge Foreclosure Proceedings………………6

1.      California Law Does Not Require Possession of the Original Note………………..6

2.      Plaintiff Has Not Made the Requisite Tender of the Debt…………………………..6

C.      Plaintiff's Claim for Violation of the FDCPA Fails Foreclosure Activity is Not Debt Collection and Defendant is Not a "Debt Collector."………………………………7

D.      Plaintiff's Negligence Claim Fails Because She Cannot Establish the Existence of a Duty of Care………………………………………………………………………7

E.      Plaintiff's Fraud is the Concealment and Fraud in the Inducement Claims Fial Because She Does Not Have Standing to Challenge any Securitization and She Does Not Plead the Claim with Requisite Specificity……………………………………… 9

1.      Plaintiff Has No Standing to Challenge Securitization……………………………..9

2.      Plaintiff Fails to Meet the Requirement of Pleading Specificity in Fraud Claims…10

F.      Plaintiff's Claim for Slander of Title Fails Because No Publications Containing Untrue Statement Are Alleged and Because the Foreclosure Notices Were Privileged………………………………………………………………………...11

G.      Plaintiff's Declaratory Relief Claim Fails as Unnecessary and Duplicative of Plaintiff's Other Claims……………………………………………………………12

1.      Plaintiff Fails to Plead Facts Showing She is Entitled to Equitable Relief………..12

2.      Plaintiff Alleges an Unsound Claim for Seeking Declaratory Relief,,,,,,,,,,,,,,,,,,,,,,12

3.      The Declaratory Relief Claim Is Cumulative and Unnecessary as Duplicative of Plaintiff's Other Claims……………………………………………………………13

H.      Plaintiff's Claim for Recission Fails……………………………………………13

1.      Plaintiff's Claim for Recission under TILA Fails…………………………………14

I.      Plaintiff's Complaint Should be Dismissed Without Leave to Amend because Leave
        to Amend Would be Futile……………………………………………………………15

**VIII. CONCLUSION…………………………………………………………...……16**

# TABLE OF AUTHORITIES

**Cases**

*Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996) ............................................... 12

*Alicea v. GE Money Bank*, 2009 (N.D.Cal. July 16, 2009) .............................................................. 6

*American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007)....................... 14, 15

*Appel v. Burman*, 159 Cal.App.3d 1209, 1214 (1984) .................................................................... 11

Arnolds Management Corp. v. Eischen, 158 Cal. App. 3d 575, 581 (1984) ...................................... 6

*Balistreri v Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) .......................................... 4

*Batt v. City and Cnty. of San Francisco*, 155 Cal.App.4th 65, 82 (2007) ....................................... 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ................................................................... 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-557 (2007).................................................... 4

*Bostonian v. Liberty Savings Bank* (1997) 52 Cal.App.4th 1075, 1081 ........................................ 5

*Burkett v. Griffith*, 90 Cal. 532, 537 (1891) ................................................................................. 11

*Caballero v. Ocwen Loan Serv.*, 2009 (N.D. Cal. 2009) ............................................................... 7

*Cal. Ins. Guar Ass'n v. Superior Court*, 231 Cal.App.3d 1617, 1623 (1991) ............................... 13

*City of Cotati v. Cashman*, 29 Cal.4th 69, 79 (2002).................................................................... 12

*Committee On Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 216 (1983) ...... 10

*Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1018 (N.D. Cal 2009)................ 11

*De Valle v. Mortgage Bank of Cal.*, 2010 (E.D.Cal. May 5, 2010)................................................. 6

Dooms v. Federal Home Loan Mortg. Corp., 2011 (E.D. Cal. Mar.31, 2011)................................. 6

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) ............... 4

*Fleming v. Kagan*, 189 Cal.App.2d 791, 796 (1961)..................................................................... 14

*Gafcon, Inc. v. Ponsor & Associates*, 98 Cal.App.4th 1388, 1403 (2002) ...................................... 13

*Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal.App.4th 1018, 1023, n. 3 (2000) ............................ 13

*Green v. Alliance Title* (E.D.Cal. 2010) 14................................................................................... 6

*Hagberg v. California Federal Bank FSB*, 32 Cal.4th 350, 361 (2004)........................................ 11

*Herrera v. Fed. Nat'l. Mortg. Assn.*, 205 Cal.App.4th 1495, 1507 (2012) ...................................... 9

*Hood v. Superior Court*, 33 Cal.App.4th 319, 324 (1995) ....................................................... 12, 13

1 *Hulse v. Ocwen Fed.Bank, FSB*, 195 F.Supp. 2d 1188, 1204 (D.Or. 2002) ........................ 7

2 *Humboldt Savings Bank v. McCleverty*, 161 Cal. 285, 290-291 (1911) ........................ 12,14

3 *In re Stoll* 252 BR 492, 495(9th Cir. BAP 2000) ........................ 5

4 *Kachlon v. Markowitz*, 168 Cal.App.4th 316, 341 (2008) ........................ 11

5 *Kalnoki v. First American Trustee Servicing Solutions, LLC*, 8 Cal.App.5th 23, 43 (2017) ...... 9

6 *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976) ........................ 14, 15

7 *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) ........................ 7

8 *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001) ........................ 8

9 *Meyers v. Guarantee Sav. & Loan Assn.*, 79 Cal.App.3d 307, 312 (1978). ........................ 8

10 *Moses v. Howard Univ. Hosp.* (DC Cir., 2010) 606 F.3d 789, 794-795 ........................ 5

11 *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 898 (2002) ........................ 13

12 *Neville v. Higbie*, 130 Cal.App. 669, 670 (1933) ........................ 11

13 *Nool v. HomeQ Servicing,* 653 F.Supp.2d 1047, 1053 (E.D.Cal.2009) ........................ 6

14 *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1095-96 (1991) ........................ 8

15 *Ortiz v. Accredited Home Lenders*, Inc., 639 F. Supp. 2d 1159, 1168 (S.D. Cal. 2009) ........................ 11

16 *Osei v. Countrywide Home Loans*, 692 F. Supp. 2d 1240, 1249-50 (E.D. Cal. 2010) ........................ 8

17 *Putkkuri v. Recontrust Company*, 2009 WL 32567, at *7 (S.D. Cal. 2009) ........................ 7

18 *Rhodes v. U.S. Bank Nat. Ass'n* (E.D. Cal. 2014) 2014 WL 5699543, *3 ........................ 5

19 *Rivera v. BAC Home Loans Servicing, L.P.*, 2010 (N.D. Cal. Nov. 22, 2010) ........................ 6

20 *Robertson v. Dean Witter Reynolds, Co.*, 749 F.2d 530, 534 (9th Cir. 1984). ........................ 4

21 *Saldate v. Wilshire Credit Corp.*, 268 F.R.D. 87, 97-98 (E.D. Cal. 2010) ........................ 14, 15

22 *Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980) ........................ 8

23 *Semar v. Platte Valley Federal Sav. & Loan Assn.*, 791 F.2d 699, 701 (9th Cir. 1986) ........................ 14, 15

24 *Shapiro v. Bank of America, N.A.*, 2012 (E.D.Cal. Feb. 29, 2012) ........................ 10

25 *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 927 (2022) ........................ 8

26 *Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990) ........................ 10

27 *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ........................ 4

28 *Stockwell v. Barnum*, 7 Cal.App. 413, 417 (1908) ........................ 11

*Tarmann v. State Farm Mutual Auto. Ins. Co.*, 2 Cal.App.4th 153 (1991) ........................ 10

*Tina v. Countrywide Home Loans, Inc.*, 2008 (S.D. Cal. Oct. 30, 2008) ............................. 7

*Vang Chanthavong v. Aurora Loan Services, Inc.* 448 B.R. 789, 800(E.D. Cal. 2011)..................... 5

*Wolfe v. Severns*, 109 Cal.App. 476, 485 (1930) ............................................... 10

*Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003).................... 14, 15

*Yvanova v. New Century Mortgage*, 62 Cal.4th 919, 943 (2016 .................................... 9

**Statutes**

California *Civil Code* § 47 ........................................................................ 18

California *Civil Code* § 1061 .................................................................... 19

California *Civil Code* § 1691(b) ................................................................ 21

California *Civil Code* § 1714 .................................................................... 15

California *Civil Code* § 2923.55(c) .............................................................. 8

California *Civil Code* § 2924(a)(1) ............................................................ 13

California *Civil Code* § 2924(b)(4) ............................................................ 13

California *Civil Code* § 2924(d) ................................................................ 18

**Other Authorities**

15 U.S.C. § 1635(a), (b), (f)............................................................... 21, 22

**Rules**

Federal Rules of Civil Procedure, Rule 9 ........................................................ 17

Federal Rules of Civil Procedure, Rule 17(a)(1) ................................................. 12

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff, THEYA KANAGARATNAM ("Plaintiff") obtained a $100,000.00 home equity line of credit ("HELOC") from Citibank, N.A. secured by a Deed of Trust against real property in Oakland, California in October 2006. Plaintiff defaulted on her loan obligations and nonjudicial foreclosure proceedings commenced. At the time of this filing, there has been no sale of the property. Following Notice of Removal to this Court, Plaintiff filed a First Amended Complaint ("FAC") that suffers from the same incurable deficiencies as the original complaint and the complaints in Plaintiff's prior actions before this.

Plaintiff's action follows a long line of spurious debt avoidance actions that have been continually repudiated by the courts, including two prior actions filed by Plaintiff herself. The FAC fails to set forth any, let alone sufficient, facts upon which a claim for relief could be stated against Cenlar FSB, only providing inapposite legal citations and conclusory allegations cast as factual contentions. Plaintiff's FAC is completely without merit and contrary to established California law under which the foreclosure of Plaintiff's property may proceed to nonjudicial sale. Plaintiff cannot cure the fatal defects of her FAC. For the reasons set forth herein, Cenlar respectfully requests that the Court grant its Motion to Dismiss without leave to amend

## II.    FACTUAL BACKGROUND

On or about October 3, 2006, Plaintiff obtained a $100,000.00 HELOC from Citibank, N.A. secured by a Deed of Trust against the real property located at 2316 Lakeshore Avenue, #16, Oakland, CA (the "Property"). **Request for Judicial Notice ("RJN"), Exh. A**. The Deed of Trust designates Citibank, N.A. as the beneficiary and Verdugo Trustee Service Corporation as trustee. *Id.*

A Substitution of Trustee was recorded on June 30, 2022, substituting National Default Servicing Corporation ("NDSC") in as Trustee under the Deed of Trust. **RJN, Exh. B**.

A Notice of Default was recorded by NDSC on August 10, 2022, indicating a past due amount of $14,082.44. **RJN, Exh. C**. It includes a declaration pursuant to Civil Code § 2923.55(c) signed by Cenlar as servicer for Citibank, N.A. *Id.* There has been no foreclosure sale as of the date of this filing.

1

III.     **PRIOR LITIGATION**

The instant action is the fourth complaint Plaintiff has filed based on the same general allegations pertaining to the same loan against Cenlar.  Plaintiff initiated the first of these lawsuits against both Cenlar and Citibank, N.A. in January 2023, which was removed to this Court by prior counsel (Case No. 3:23-cv-01110).  **RJN, Exh. D**.  In that complaint, Plaintiff alleged the debt owed pursuant to the valid HELOC was satisfied by fictitious instruments titled "Registered New Credit Agreement Security NOTE Draft" and "BILL of Exchange," and therefore, the HELOC should be discharged. Citibank and Cenlar filed a motion to dismiss the complaint, but before hearing on the motion to dismiss, Plaintiff dismissed that action.

Then, in April 2023, Plaintiff filed a case in this Court as a "miscellaneous matter" styled as a "Petition for a Verification of Debt or Else Release from Claim" in which she makes the same general allegations in the original complaint in the present case (Case No. cv-23-80106-misc).  **RJN, Exh. E**. The Court noted that the case was improperly filed as a miscellaneous matter and directed Plaintiff to refile as a civil case and pay the proper case opening fee.  **RJN, Exh. F**.  Instead of so doing, she appears to have proceeded by filing the current action in the Alameda County Superior Court. Cenlar then filed the Notice of Removal to bring this litigation back to the proper venue.

Following removal of the present case and seemingly simultaneously with Defendant's previous Motion to Dismiss, Plaintiff filed the instant First Amended Complaint.  Thus, the instant complaint actually represents Plaintiff's fourth attempt to plead her claims.

IV.    **PLAINTIFF'S BANKRUPTCY FILINGS**

On June 26, 2023, Plaintiff filed a Notice of Filing of Chapter Bankruptcy, which informed that she filed a Chapter 13 Bankruptcy Case No. 23-40702 in the United States Bankruptcy Court, Northern District of California, on June 15, 2023. On June 28, 2023, this Court entered an Order which stated:

> Pro se plaintiff Kanagaratnam has filed a notice of bankruptcy and request to stay proceedings in this case pending the resolution of her bankruptcy proceedings. But plaintiff has not demonstrated that the automatic stay provisions of 11 U.S.C. § 362 apply here. Section 362 "prohibits (1) commencing or continuing actions against the debtor that began or could have begun before the bankruptcy was filed, or to recover a pre-petition claim against the debtor; and (2) 'any act to obtain possession of the property of the estate or of property from the estate or to exercise control over property

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

of the estate.' " Palmdale Hills Prop., LLC v. Lehman Comm. Paper, Inc. (In re Palmdale Hills Prop., LLC), 654 F.3d 868, 875 (9th Cir. 2011) (citing 11 U.S.C. § 362(a)(1) & (3)). "The stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent ta defendant from protecting its interests against claims brought by the debtor." Id. "This is true, even if the defendant's successful defense will result in the loss of an allegedly valuable claim asserted by the debtor." Id. Consequently, the request for a stay is denied.

(Dkt. No. 19.)

On February 27, 2024, Cenlar filed a Notice of Bankruptcy Filing and Supplement to Motion to Dismiss First Amended Complaint. (Dkt. No. 47.) Cenlar's filing informed that on February 15, 2024, Plaintiff filed a Chapter 7 Bankruptcy Petition in the United States District Court, Northern District of California, as Case No. 24-40209 (the "Bankruptcy Case"). Cenlar's position was that due to the Chapter 7 bankruptcy filing, Plaintiff no longer had standing to pursue the instant action.

In her Bankruptcy Schedules filed with the Bankruptcy Court, Plaintiff listed only a small claims case valued at $10,000. (**RJN, Exhibit G** at 10.) In the Statement of Financial Affairs, Plaintiff identified the instant action, but did not list it in the Schedules. (*Id.* at 36.)

On February 28, 2024, the Court entered its Order which stated:

> The Court has received notice of plaintiff Kanagaratnam's filing of Chapter 7 bankruptcy. Dkt. No. 47. The case is stayed and administratively closed pending further order. The parties will file by October 4, 2024, a joint status report on the bankruptcy proceedings. All pending motions are terminated without prejudice.

(Dkt. No. 48.)

On October 4, 2024, a Joint Bankruptcy Status Report was filed by the parties. The parties reported, in relevant part:

> On June 5, 2024, the United States Bankruptcy Court, Northern District of California, Case No. 24-40209 entered a Discharge Order in favor of Plaintiff THEYA KANAGARATNAM ("Plaintiff"). The automatic stay has now expired upon the entry of the Discharge Order in favor of Plaintiff pursuant to 11 U.S.C. §362(c)(2)(C). (*Bigelow v. C.I.R.* (9th Cir. 1995) 65 F.3d 127, 129.) A true and correct copy of the Discharge Order is attached hereto as Exhibit "1" and incorporated herein by reference.

(Dkt. No. 54.) Thereafter, on July 28, 2025, the Bankruptcy Court entered a Final Decree which discharged the trustee and closed the Chapter 7 bankruptcy case. **RJN, Exhibit H**.)

## V.    PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations are difficult to parse and often contradictory. Plaintiff cites to a number of fictional legal theories and her allegations boil down to two primary underlying arguments.  First, she alleges that Cenlar does not have the authority to foreclose upon the Deed of Trust. FAC ¶¶ 3, 1. Second, she alleges the Deed of Trust has been satisfied based upon a tender of two fictional instruments entitled "Registered New Credit Agreement Security NOTE Draft" and "BILL of Exchange."  FAC ¶ 46.

Plaintiff seeks an order declaring the foreclosure void, quiet title, monetary damages for violation of the FDCPA, pre- and post-judgment interest, attorney's fees, and costs.  FAC, Prayer at p. 22. Additionally, if Cenlar can "prove standing," she requests third-party expert evidence of defects in the "Bill of Exchange and Registered New Credit Agreement Security NOTE Draft" and, if such defects are found, time to cure said defects.  *Id.*

## VI.    LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-557 (2007).  The Court must decide whether the facts alleged, if true, would entitle the Plaintiff to some form of legal remedy.  *Id.* Therefore, a Rule 12(b)(6) motion is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *see also*, *Robertson v. Dean Witter Reynolds, Co.*, 749 F.2d 530, 534 (9th Cir. 1984).

To survive a motion to dismiss, a complaint must allege "more than labels and conclusions … Factual allegations must be enough to raise a right to relief above a speculative level." *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although *well-pleaded factual allegations* must be taken as true at the motion to dismiss phase, they must plausibly suggest an entitlement for relief, "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  In other words, Plaintiff "must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"

1    *Id.* When Defendant's plausible alternative explanation is so convincing that Plaintiff's explanation

2    is rendered implausible, a motion to dismiss should be granted. *Id.*

3    **VII.  ARGUMENT**

4       **A.  Having Filed Bankruptcy, Plaintiff Lacks Standing to Pursue this Action**

5         Upon filing Chapter 7 bankruptcy, Plaintiff no longer had standing to pursue the instant action.

6    Federal Rules of Civil Procedure, Rule 17(a)(1) requires that every action be prosecuted in the name

7    of the real party in interest. In a Chapter 7 bankruptcy, all of the Chapter 7 debtor's assets and liabilities

8    (i.e., the bankruptcy estate) must be surrendered to the Chapter 7 trustee. Thus, only the Chapter 7

9    trustee may pursue a cause of action that belongs to the bankruptcy estate, unless the claim has been

10   abandoned by the trustee. *Bostonian v. Liberty Savings Bank* (1997) 52 Cal.App.4th 1075, 1081;

11   *Moses v. Howard Univ. Hosp.* (DC Cir., 2010) 606 F.3d 789, 794-795; *In re Stoll* (9th Cir. BAP 2000)

12   252 BR 492, 495. Because Plaintiff no longer had standing to pursue her claims in this action, the

13   Court should grant Cenlar's Motion to Dismiss without leave to amend.

14        In fact, if a debtor fails to " 'schedule an asset, including a cause of action, that asset continues

15   to belong to the bankruptcy estate' and does not revert to the debtor upon discharge and closing of the

16   bankruptcy case. [Citation]." *Rhodes v. U.S. Bank Nat. Ass'n* (E.D. Cal. 2014) 2014 WL 5699543, *3.

17   In such a situation, the complaint is appropriately dismissed without leave to amend. *Id.*; *see also Vang*

18   *Chanthavong v. Aurora Loan Services, Inc.* (E.D. Cal. 2011) 448 B.R. 789, 800 ("Plaintiff's 'Demand

19   to Produce the Note' claim accrued prior to the close of Plaintiff's bankruptcy and should have been

20   listed in Plaintiff's bankruptcy estate. Since this claim remains in the bankruptcy estate and Plaintiff

21   does not have standing to pursue this claim. Therefore, Defendants' motion to dismiss this claim is

22   granted."). Here, in her Bankruptcy Schedules, Plaintiff listed only a small claims case valued at

23   $10,000. (RJN, Exhibit G at 10.) In the Statement of Financial Affairs, Plaintiff identified the instant

24   action, but did not list it in the Schedules. (*Id.* at 36.) This is fatal to Plaintiff's claims. Because Plaintiff

25   failed to schedule the cause of action as an asset, the asset continues to belong to the bankruptcy estate,

26   even post-discharge.

27        Having filed bankruptcy and having failed to list her claims against Cenlar in her bankruptcy

28   schedules, Plaintiff no longer has standing to pursue her claims in this action and her claims should

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1   all be dismissed without leave to amend.

2        **B.**      **The FAC Fails to State Claim to Challenge Foreclosure Proceedings**

3             **1.**      **California Law Does Not Require Possession of the Original Note**

4          Though difficult to decipher the exact basis, Plaintiff contends that the failure to produce the

5   original note in some way invalidates the foreclosure and/or the entire loan. Where "plaintiff contends

6   that foreclosure was invalid because defendants do not possess the original promissory note, the claim

7   is not cognizable and that part of her claim is dismissed without leave to amend. California law 'does

8   not require possession of the note as a precondition to non-judicial foreclosure under a Deed of Trust.'

9   " *Green v. Alliance Title* (E.D.Cal. 2010) 2010 WL 3505072, *14 quoting *Alicea v. GE Money Bank*,

10   2009 WL 2136969 at *2 (N.D.Cal. July 16, 2009); *see also De Valle v. Mortgage Bank of Cal.*, 2010

11   WL 1813505, at *1–2 (E.D.Cal. May 5, 2010); *Nool v. HomeQ Servicing,* 653 F.Supp.2d 1047, 1053

12   (E.D.Cal.2009). Indeed, the statute expressly provides a "trustee, mortgagee or beneficiary or any of

13   their authorized agents" may conduct the foreclosure process.  California *Civil Code* § 2924(a)(1).

14   Further, California *Civil Code* § 2924(b)(4) states that a: "person authorized to record the notice of

15   default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named

16   trustee, any person designated in an executed substitution of trustee, or an agent of that substituted

17   trustee."  Thus, Plaintiff's produce-the-note theory supports no viable cause of action.

18             **2.**      **Plaintiff Has Not Made the Requisite Tender of the Debt**

19          California law is "settled that an action to set aside a trustee's sale for irregularities in sale

20   notice or procedure should be accompanied by an offer to pay the full amount of the debt for which

21   the property was security." Arnolds Management Corp. v. Eischen, 158 Cal. App. 3d 575, 581 (1984);

22   see also Rivera v. BAC Home Loans Servicing, L.P., 2010 WL 4916405, at *7 (N.D. Cal. Nov. 22,

23   2010) ("Under California law, a borrower may not assert 'quiet title' against a mortgagee without first

24   paying the outstanding debt on the property."). Here, because the FAC fails to allege that Plaintiff has

25   tendered, or has offered to tender, the debt secured by the Property, she is unable to state a claim for

26   quiet title or wrongful foreclosure. See Dooms v. Federal Home Loan Mortg. Corp., 2011 WL

27   1232989, at *18 (E.D. Cal. Mar.31, 2011) ("an action to set aside a foreclosure sale, unaccompanied

28   by an offer to redeem, does not state a cause of action which a court of equity recognizes").

**MOTION TO DISMISS FIRST AMENDED COMPLAINT – CASE NO. 3:23-cv-02637-JD**

C.    **Plaintiff's Claim for Violation of the FDCPA Fails Foreclosure Activity is Not Debt Collection and Defendant is Not a "Debt Collector."**

Plaintiff alleges that Cenlar has violated the Fair Debt Collection Practices Act ("FDCPA") by mailing multiple letters to Plaintiff which asked for a lump sum of money. FAC ¶ 59. She further alleges that Cenlar failed to prove the existence of a debt or to show it was itself a bona fide holder of a debt. FAC, ¶¶ 60-63. Plaintiff also includes from the prior complaint the same allegations of non-stop calling by Cenlar, though no longer ties that conduct to a violation of the FDCPA. FAC ¶ 50.

This claim fails for two reasons: 1) Cenlar does not fall within the definition of a "debt collector" for purposes of the FDCPA; and 2) foreclosure activity does not constitute debt collection within the meaning of the FDCPA. To be liable for a violation of the FDCPA, the defendant must – as a threshold requirement – be a debt collector within the meaning of the Act. *Putkkuri v. Recontrust Company*, 2009 WL 32567, at *7 (S.D. Cal. 2009). The law is well settled that the FDCPA's definition of debt collector does not include a mortgage servicing company. *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010); *Caballero v. Ocwen Loan Serv.*, 2009 WL 1528128, at *1 (N.D. Cal. 2009) ("creditors, mortgage and mortgage servicing companies are not 'debt collectors' and are except from liability under the FDCPA…Ocwen is a 'loan servicer.' Therefore, it is not a 'debt collector' and no claim can be stated against it under the FDCPA"). Plaintiff admits that Cenlar is a loan servicer. FAC. ¶ 51 and Exh. J. Accordingly, Plaintiff cannot assert a FDCPA claim against Cenlar.

Additionally, Plaintiff cannot state a cause of action for unfair debt collection practices under FDCPA because "'activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the' FDCPA." *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at *7 (S.D. Cal. Oct. 30, 2008) citing *Hulse v. Ocwen Fed.Bank, FSB*, 195 F.Supp. 2d 1188, 1204 (D.Or. 2002). As such, Plaintiff's FDCPA claim fails as a matter of law.

D.    **Plaintiff's Negligence Claim Fails Because She Cannot Establish the Existence of a Duty of Care.**

Plaintiff's negligence claim is difficult to decipher, but it appears to allege that Cenlar was negligent in demanding payment from Plaintiff pursuant to the HELOC. FAC, ¶ 67. This appears to

1    be premised upon the same flawed agency allegations found elsewhere in the complaint.  This claim

2    also alleges as an aside that Cenlar is liable for criminal fraud.  FAC, ¶ 74.  The latter allegation is not

3    addressed herein as such a claim is improper in the subject action.

4        Under California law, the elements of a claim for negligence are that: (1) defendant had a legal

5    duty to plaintiff, (2) defendant breached this duty, (3) defendant was the proximate and legal cause of

6    plaintiff's injury, and (4) plaintiff suffered damage. Civ. Code § 1714; *Merrill v. Navegar, Inc.*, 26

7    Cal.4th 465, 500 (2001).

8        As a general rule, under California law, "a financial institution owes no duty of care to a

9    borrower when the institution's involvement in the loan transaction does not exceed the scope of its

10   conventional role as a mere lender of money."  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231

11   Cal.App.3d 1089, 1095-96 (1991); *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 927 (2022).

12   "Liability to a borrower for negligence arises only when the lender actively participates in the financed

13   enterprise beyond the domain of the usual money lender."  *Id.* at 1096; *Wagner v. Benson*, 101

14   Cal.App.3d 27, 35 (1980).  This general duty of care has been applied equally to lenders and loan

15   servicers.  *See, e.g.*, *Osei v. Countrywide Home Loans*, 692 F. Supp. 2d 1240, 1249-50 (E.D. Cal.

16   2010) (defendant was lender and servicer).  The test for determining whether a financial institution

17   exceeded its role as money lender and thus owes a duty of care to a borrower involves "the balancing

18   of various factors, among which are (1) the extent to which the transaction was intended to affect the

19   plaintiff, (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered

20   injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5)

21   the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm."

22   *Nymark*, 231 Cal.App.3d at 1098.

23       Here, Plaintiff bases her claim on conduct relating to the standard, and legally required, actions

24   of a servicer in communicating with a borrower as a part of the nonjudicial foreclosure process.  Such

25   conduct is standard of a lender or servicer and does not give rise to a duty of care. Plaintiff's allegations

26   fall short of the "active participation" that could give rise to a duty of care. *Wagner*, *supra* at 35; citing

27   *Meyers v. Guarantee Sav. & Loan Assn.*, 79 Cal.App.3d 307, 312 (1978). Based on the foregoing,

28   Plaintiff's allegations are insufficient to establish a duty of care on which Plaintiff's claim could be

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    based.

2    **E.    Plaintiff's Fraud is the Concealment and Fraud in the Inducement Claims Fial**

3    **Because She Does Not Have Standing to Challenge any Securitization and She**

4    **Does Not Plead the Claim with Requisite Specificity.**

5    Plaintiff's fraud in the concealment and fraud in the inducement claims are based on

6    substantially the same allegations – namely, that Cenlar is not the "holder and owner" of the Note and

7    that the Loan was securitized.  More particularly, Plaintiff alleges Cenlar is liable for fraud in the

8    concealment because it "concealed that the Loans were securitized as well as the terms of the

9    securitization Agreements."  FAC, ¶ 76.  Plaintiff alleges Cenlar is liable for fraud in the inducement

10   because it "misrepresented that [it is] the 'holder and owner' of the Note and the beneficiary of the

11   Deed of Trust" with the purpose of "initiating the securitization process."  FAC, ¶¶ 89-92.

12   As an initial matter, Plaintiff pleads no facts showing Cenlar represented they were the holder

13   of the Note or beneficiary of the Deed of Trust.  Indeed, the exhibits attached to the FAC conclusively

14   show that Cenlar represented it was the servicer of the HELOC.  Nor does Plaintiff provide any factual

15   allegations indicating the HELOC was indeed securitized.  Notwithstanding those defects, Plaintiff's

16   claims for fraud still fail.

17   **1.    Plaintiff Has No Standing to Challenge Securitization**

18   Whether or not Plaintiff knew her loan was or was not securitized is of no relevance and

19   Plaintiff has no standing to make such claim. *See Kalnoki v. First American Trustee Servicing*

20   *Solutions, LLC*, 8 Cal.App.5th 23, 43 (2017)  ("Because any alleged irregularities in the securitization

21   process are merely voidable at the securitized trust beneficiary's behest, and the Kalnokis are not

22   beneficiaries of the Bear Stearns securitized trust, they lack standing to challenge the Assignment on

23   such grounds"); *see also Mendoza v. JPMorgan Chase Bank, N.A.*, 6 Cal.App.5th 802, 817 (2016).

24   Loan securitization does not impact the borrower because the borrower's obligations under the note

25   and deed of trust remain the same.  *Herrera v. Fed. Nat'l. Mortg. Assn.*, 205 Cal.App.4th 1495, 1507

26   (2012) (disapproved on other grounds in *Yvanova v. New Century Mortgage*, 62 Cal.4th 919, 943

27   (2016)). Accordingly, Plaintiff has no standing to maintain her purported securitization claims.

28

9

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1

2.    **Plaintiff Fails to Meet the Requirement of Pleading Specificity in Fraud**

2    **Claims.**

3        To sufficiently allege a fraud cause of action, a plaintiff must specifically plead (1) a false

4    representation or concealment of a material fact susceptible of knowledge; (2) made with knowledge

5    of its falsity without sufficient knowledge on the subject to warrant a representation; (3) with the intent

6    to induce the person to whom it is made to act upon it; (4) actual reliance on the misrepresentation;

7    and (5) damages. *Wolfe v. Severns*, 109 Cal.App. 476, 485 (1930).

8        Further, "because fraud allegations involve a serious attack on the defendant, such allegations

9    must be pled with particularity so that the court can weed out non-meritorious actions before a

10    defendant is required to answer." *Committee On Children's Television, Inc. v. General Foods Corp.*,

11    35 Cal.3d 197, 216 (1983).  Every element of the cause of action must be alleged factually and

12    specifically in full.  Federal Rules of Civil Procedure, Rule 9.  That is, the complaint must plead facts

13    showing "how, when, where, to whom, and by what means the representations were tendered."

14    *Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990).  Finally, a fraud cause of action against a

15    corporation must allege the specific names of the persons who made the misrepresentations or

16    concealed material facts, their authority to speak for the corporation, to whom they spoke, what they

17    said or wrote, and when it was said or written. *Tarmann v. State Farm Mutual Auto. Ins. Co.*, 2

18    Cal.App.4th 153 (1991).

19        Plaintiff satisfies none of these requirements.  To begin, the fraud claims fail to allege any

20    specific facts about purportedly false representations or the concealment of material information by

21    Cenlar.  Nowhere does the Complaint allege the "who, what, where, when, or why" of Defendant's

22    ostensible plan to wrongfully induce Plaintiff's reliance on a knowing misrepresentation or

23    concealment of material fact. Even if she were more specific about statements ostensibly made by

24    Cenlar about the supposed securitization of her loan, Plaintiff's allegations do not amount to fraud.

25    As discussed in *Shapiro v. Bank of America, N.A.*, 2012 WL 670960, at *1 (E.D.Cal. Feb. 29, 2012):

26        Plaintiff's theory is that the securitization of Plaintiff's mortgage by the lender
        somehow removed the ability of the lender to record documents related to the
27        mortgage and foreclose in the event of a default. "This theory ... has been
        soundly rejected."  [Citation.] The securitization of Plaintiff's loan is not
28        material to Plaintiff's claims…

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1   *Id.*; *See also, Stockwell v. Barnum*, 7 Cal.App. 413, 417 (1908)  (it is immaterial who holds the note).

2   As such, Plaintiff falls well short of pleading a cognizable claim for fraud.

3       **F.**     **Plaintiff's Claim for Slander of Title Fails Because No Publications Containing**

4           **Untrue Statement Are Alleged and Because the Foreclosure Notices Were**

5           **Privileged.**

6         Plaintiff alleges slander of title based upon "preparing, posting, publishing, and recording of

7   the documents previously described herein, including, but not limited to, the Notice of default, Notice

8   of Trustee's Sale." FAC, ¶ 97.  Plaintiff cannot maintain a cause of action for slander of title.

9         The elements of slander of title are: (1) publication; (2) falsity; (3) absence of privilege; and

10  (4) disparagement of another's land which is relied upon by a third party and which results in a

11  pecuniary loss.  *Appel v. Burman*, 159 Cal.App.3d 1209, 1214 (1984).   Furthermore, unless a

12  disparaging statement causes damages, the statement is not actionable.  *Burkett v. Griffith*, 90 Cal.

13  532, 537 (1891).   Consequently, facts must be alleged showing that damages have been suffered.

14  *Neville v. Higbie*, 130 Cal.App. 669, 670 (1933).

15        The FAC fails to allege any supporting facts of the publication of any untrue statements.

16  Further, the recordation of the Notice of Default and Notice of Trustee's Sale were privileged

17  communications under *Civil Code* § 47, pursuant to *Civil Code* § 2924(d).  The "mailing, publication,

18  and delivery" of foreclosure notices and "performance" of foreclosure procedures.   "[W]e conclude

19  that the protection granted to nonjudicial foreclosure . . . is the qualified common interest privilege of

20  section 47, subdivision (c)(1)."   *Kachlon v. Markowitz*, 168 Cal.App.4th 316, 341 (2008); *see*

21  *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1018 (N.D. Cal 2009)  (conduct is

22  "protected by the qualified privilege of § 47(c) so long as . . . not malicious"); *see also Hagberg v.*

23  *California Federal Bank FSB*, 32 Cal.4th 350, 361 (2004)  ("As noted, the only tort claim we have

24  identified as falling outside the privilege established by section 47(b) is malicious prosecution.")

25  Moreover, foreclosure notices do not slander title in that they do not disparage land.  *See Ortiz v.*

26  *Accredited Home Lenders*, Inc., 639 F. Supp. 2d 1159, 1168 (S.D. Cal. 2009)  ("The recorded

27  foreclosure Notices do not affect Plaintiffs' title, ownership, or possession in the Property.")

28        The FAC lacks facts to support slander of title.   The recording, mailing, and delivery of

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

1  foreclosure documents are privileged so as to negate a necessary element of the claim.  Plaintiff can

2  plead no facts to revive a slander of title claim and therefore renders the FAC's slander of title claim

3  subject to dismissal with prejudice.

### G.  Plaintiff's Declaratory Relief Claim Fails as Unnecessary and Duplicative of Plaintiff's Other Claims.

6  Plaintiff's Declaratory Relief claim seeks a judicial determination of the rights and interest of

7  the parties including whether any Defendant has authority to foreclose on the Property.  FAC ¶¶ 111-

8  112.  Declaratory relief may be refused where the court's declaration or determination "is not

9  necessary or proper at the time under all the circumstances."  Code of Civ. P. § 1061.

### 1.  Plaintiff Fails to Plead Facts Showing She is Entitled to Equitable Relief.

11  The declaration Plaintiff demands is an equitable remedy. It is a well-established maxim of the

12  law that in order to receive equity, a plaintiff must first do equity. *Humboldt Savings Bank v.*

13  *McCleverty*, 161 Cal. 285, 290-291 (1911). Here, Plaintiff seeks to avoid the effect of her default by

14  effectively asking the Court to excuse her from having to repay the loans she borrowed.  This is the

15  opposite of equity.  Moreover, to do equity, a defaulted borrower must tender the amount of the

16  lender's secured indebtedness before their request for equitable relief may soundly be heard. *Abdallah*

17  *v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996).  Plaintiff has not met the tender

18  requirement. The failure to adequately allege this necessary element means she cannot establish a

19  threshold basis for pursuing declaratory relief.

### 2.  Plaintiff Alleges an Unsound Claim for Seeking Declaratory Relief

21  "The fundamental basis of declaratory relief is the existence of an actual, present controversy

22  over a proper subject.'" *City of Cotati v. Cashman*, 29 Cal.4th 69, 79 (2002).  Where "[t]he issues

23  invoked in the declaratory relief cause of action already [are] fully engaged by other causes of action,

24  declaratory relief [is] unnecessary and superfluous." *Hood v. Superior Court*, 33 Cal.App.4th 319,

25  324 (1995).  Declaratory relief "'should not be used for the purpose of anticipating and determining

26  an issue which can be determined in the main action. The object of the statute is to afford a new form

27  of relief where needed and not to furnish a litigant with a second cause of action for the determination

28  of identical issues.' [Citations.]" *Id*.  Additionally, declaratory relief is not available to right past

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

wrongs. *Gafcon, Inc. v. Ponsor & Associates*, 98 Cal.App.4th 1388, 1403 (2002) ("declaratory relief 'operates prospectively, and not merely for the redress of past wrongs' " [citations omitted]). Indeed, "unlike coercive relief, such as damages, specific performance, or an injunction in which a party is ordered by the court to do or to refrain from doing something, a declaratory judgment merely declares the legal relationship between the parties [emphasis added]." *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 898 (2002). Here, the relief Plaintiff seeks is coercive in nature. She essentially asks that the foreclosure proceedings be halted forever. This is an improper request in the context of a declaratory relief cause of action.

### 3. The Declaratory Relief Claim Is Cumulative and Unnecessary as Duplicative of Plaintiff's Other Claims.

Declaratory relief is not an independent claim, but instead a form of equitable relief. *Batt v. City and Cnty. of San Francisco*, 155 Cal.App.4th 65, 82 (2007). Equitable remedies "are dependent upon a substantive basis for liability, [and] they have no separate viability" if all the plaintiff's other claims fail. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal.App.4th 1018, 1023, n. 3 (2000); *Cal. Ins. Guar Ass'n v. Superior Court*, 231 Cal.App.3d 1617, 1623 (1991).

Plainly, the issue to which the declaratory relief is addressed is fully taken up in the other causes of action. The declaratory relief claim adds nothing to the FAC that cannot be addressed in Plaintiff's other claims. Because it is cumulative of claims alleged elsewhere, it is superfluous and should be dismissed. *See Hood*, 33 Cal.App.4th at 324. As the declaratory relief claim is superfluous and, on its own fails to state a claim, it is properly subject to dismissal.

### H. Plaintiff's Claim for Recission Fails

Plaintiff alleges she is "entitled to rescind the loan and all accompanying loan documents for all of the foregoing reasons: 1) FDCPA Violations; 2) Failure to provide a Mortgage Loan Origination Agreement; 3) Fraudulent Concealment; 4) Fraudulent Inducement; 5) Making illegal or fraudulent transfers of the note and deed of trust and 6) Public Policy Grounds." FAC ¶ 118.

To effect a rescission, a plaintiff must "restore to the other party everything of value which he has received under the contract or offer to restore same." Civ. Code § 1691(b). As with declaratory relief, "in obtaining rescission or cancellation, the rule is that the complainant is

1    required to do equity, as a condition to his obtaining relief, by restoring to the defendant

2    everything of value which the plaintiff has received in the transaction." *Fleming v. Kagan*,

3    189 Cal.App.2d 791, 796 (1961). As discussed at length above, Plaintiff has not tendered the

4    indebtedness under the loan. Plaintiff cannot seek equity here because she has conclusively

5    failed to tender. *Humboldt Savings Bank*, 161 Cal. at 290-291. Without tender, Plaintiff's

6    purported claim for rescission fails.

7              1.    **Plaintiff's Claim for Recission under TILA Fails**

8              Plaintiff further cites to the Truth in Lending Act ("TILA") as extending her "right to rescind

9    a loan to three years from the date of closing if the borrower received false or incomplete disclosures

10   of either the loan terms or borrower's rights to rescind." FAC ¶ 119.

11             Even if Plaintiff had a right of rescission, her claim is time-barred.  TILA allows borrowers

12   three business days to rescind a consumer loan that uses their principal dwelling as security. *Semar v.*

13   *Platte Valley Federal Sav. & Loan Assn.*, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a).

14   TILA rescission may be extended up to three years after the date of consummation of the transaction

15   or sale of the property, whichever occurs first. 15 U.S.C. § 1635(f). Here, Plaintiff's FAC alleges that

16   the HELOC was consummated on October 3, 2006, and thus any possible rescission remedy expired

17   no later than October 3, 2009, more than ten years prior to filing this action. TILA rescission is time

18   barred.

19             Additionally, TILA contain provisions which allow the Court to condition rescission upon

20   tender. 15 U.S.C. § 1635(b). Prior to ordering rescission based on a lender's alleged TILA violations,

21   a court may require borrowers to prove ability to repay the loan proceeds.  *Saldate v. Wilshire Credit*

22   *Corp.*, 268 F.R.D. 87, 97-98 (E.D. Cal. 2010), citing *Yamamoto v. Bank of New York*, 329 F.3d 1167,

23   1172 (9th Cir. 2003)  (affirming summary judgment for lender in absence of evidence that borrowers

24   could refinance or sell property); *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th

25   Cir. 2007)  ("Once the trial judge in this case determined that the [plaintiffs] were unable to tender the

26   loan proceeds, the remedy of unconditional rescission was inappropriate"); *LaGrone v. Johnson*, 534

27   F.2d 1360, 1362 (9th Cir. 1976).  Here, the FAC does not make reference to Plaintiff's ability to tender

28   her indebtedness, aside from the purported tender of plainly fictional compensation, which can be

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1  construed as her concession of inability to do so. Without Plaintiff's meaningful tender, rescission of

2  the HELOC under TILA would be an empty remedy.

3      For these reasons, Defendant respectfully requests the Court sustain Plaintiff's claim for

4  rescission without leave to amend because Plaintiff's claims fail as a matter of law.

5  **I.    Plaintiff's Complaint Should be Dismissed Without Leave to Amend because**

6         **Leave to Amend Would be Futile.**

7      Plaintiff further cites to the Truth in Lending Act ("TILA") as extending her "right to rescind

8  a loan to three years from the date of closing if the borrower received false or incomplete disclosures

9  of either the loan terms or borrower's rights to rescind." FAC ¶ 119.

10      Even if Plaintiff had a right of rescission, her claim is time-barred. TILA allows borrowers

11  three business days to rescind a consumer loan that uses their principal dwelling as security. *Semar v.*

12  *Platte Valley Federal Sav. & Loan Assn.*, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a).

13  TILA rescission may be extended up to three years after the date of consummation of the transaction

14  or sale of the property, whichever occurs first. 15 U.S.C. § 1635(f). Here, Plaintiff's FAC alleges that

15  the HELOC was consummated on October 3, 2006, and thus any possible rescission remedy expired

16  no later than October 3, 2009, more than ten years prior to filing this action. TILA rescission is time

17  barred.

18      Additionally, TILA contain provisions which allow the Court to condition rescission upon

19  tender. 15 U.S.C. § 1635(b). Prior to ordering rescission based on a lender's alleged TILA violations,

20  a court may require borrowers to prove ability to repay the loan proceeds. *Saldate v. Wilshire Credit*

21  *Corp.*, 268 F.R.D. 87, 97-98 (E.D. Cal. 2010), citing *Yamamoto v. Bank of New York*, 329 F.3d 1167,

22  1172 (9th Cir. 2003) (affirming summary judgment for lender in absence of evidence that borrowers

23  could refinance or sell property); *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th

24  Cir. 2007) ("Once the trial judge in this case determined that the [plaintiffs] were unable to tender the

25  loan proceeds, the remedy of unconditional rescission was inappropriate"); *LaGrone v. Johnson*, 534

26  F.2d 1360, 1362 (9th Cir. 1976). Here, the FAC does not make reference to Plaintiff's ability to tender

27  her indebtedness, aside from the purported tender of plainly fictional compensation, which can be

28  construed as her concession of inability to do so. Without Plaintiff's meaningful tender, rescission of

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1  the HELOC under TILA would be an empty remedy.

2      For these reasons, Defendant respectfully requests the Court sustain Plaintiff's claim for

3  rescission without leave to amend because Plaintiff's claims fail as a matter of law.

4  **VIII.   <u>CONCLUSION</u>**

5      For the foregoing reasons, Defendant CENLAR FSB respectfully requests that this Court

6  dismiss the First Amended Complaint without further leave to amend.

7

8

9  DATED:  November 21, 2025          WOLFE & WYMAN LLP

10

11                            By:   _/s/  Cuong M. Nguyen_____
                                  CUONG M. NGUYEN
12                               Attorneys for Defendant, **CENLAR FSB**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28