UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THEYA KANAGARATNAM,

Plaintiff,

v.

CENLAR FSB,

Defendant.

Case No.  23-cv-02637-JD

**ORDER RE DISMISSAL AND STAY**

Defendant Cenlar FSB, a residential mortgage servicer for lenders, asks to dismiss the amended complaint filed by pro se plaintiff Kanagaratnam.  Dkt. No. 12 (amended complaint); Dkt. No. 62 (motion to dismiss).  The parties' familiarity with the record is assumed.  The complaint is dismissed with leave to amend the claims sounding in fraud.

Overall, the amended complaint is a hodgepodge of largely incomprehensible allegations about a $100,000 home equity line of credit (HELOC) that Kanagaratnam took out on her residence in Oakland, California.  The amended complaint indicates that Kanagaratnam was in default in payments on the HELOC in an amount of at least $14,082.44 as of June 2023, when she filed the amended complaint.  Dkt. No. 1 ¶ 15.  In subsequent TRO proceedings brought by Kanagaratnam, the record established that she has not made payments on the HELOC since June 2020, and the past due balance exceeds $20,000.  Dkt. No. 44 at 1.  The Court initially enjoined Cenlar from foreclosing on the property, Dkt. No. 38, but dissolved the TRO after Kanagaratnam did not demonstrate a likelihood of success on the merits in response to an order to show cause, Dkt. No. 44 at 1-2.  Even so, the Court continued to bar foreclosure until the parties completed a settlement conference with a magistrate judge.  *Id*. at 2.  Although the case did not settle, Cenlar represents that foreclosure had not occurred as of November 2025.  Dkt. No. 62 at 1.

Even when read with the generous eye afforded to pro se litigants, the amended complaint makes little sense.  Kanagaratnam appears to allege that she is not obligated to make payments on

the HELOC because Cenlar is not the "holder in due course" of the HELOC deed. Dkt. No. 12 ¶ 4. The reason this might be so cannot be ascertained in the amended complaint. The allegations are mainly a string of comments such as "[i]f an assignment of the Promissory Note is not registered on the county records, then perfection is not achieved and bifurcation has occurred," *id*. ¶ 9, and "because of the recent practices of banks in the United States, Plaintiff cannot be sure, absent proof, that [Cenlar] has authority to collect said debt," *id*. ¶ 27.

Kanagaratnam's response to the motion to dismiss did not clarify her claims. It began with the comment that her "private dwelling" is "not subject to the jurisdiction of the military municipal 'Laws of the United States,'" Dkt. No. 68 at 1, and presented a long and rather random patchwork of references to a variety of banking laws, equitable maxims, commentaries on lending practices, and "the teachings of the Holy Scriptures." *Id*. at 4, *see also id.* at 5-7, 22-28. This is interspersed with comments such as "[i]f there is no Constitutionally lawful money, how do we settle charges?" *Id*. at 8.

What's missing in all of this is "a short and plain statement of the claim" showing that Kanagaratnam is entitled to relief, as Federal Rule of Civil Procedure 8 expressly requires. The amended complaint is devoid of facts that might plausibly allege a claim of any sort against Cenlar. Consequently, it cannot go forward and is dismissed.

Several of the claims in the amended complaint warrant dismissal with prejudice. To start, Count I, alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), is dismissed with prejudice because Cenlar was servicing the loan prior to the default and a loan servicer is not a "debt collector" within the meaning of the FDCPA. *See* 15 U.S.C. §§ 1692a(4) & (6); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *Lanier v. Mechanics Bank*, No. 2:25-cv-l1725-CAS, 2026 WL 809402, at * 7 (C.D. Cal. Mar. 23, 2026) (and cases cited therein).

Count II for negligence is dismissed with prejudice because lenders and loan servicers do not owe a duty to borrowers that can be the basis of a negligence claim. *See Sheen v. Wells Fargo Bank, N.A.,* 12 Cal.5th 905, 915 (2022).

United States District Court
Northern District of California

United States District Court
Northern District of California

Count V for slander of title is dismissed with prejudice because the recording of notices of default and sale are privileged and cannot be the basis of a slander of title claim. *See* Cal. Civ. Code §§ 2924(a) & (d)(1).

Count VII for rescission is dismissed with prejudice with respect to the statutory claims. The FDCPA claim has been dismissed and so cannot be the basis of rescission. The Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, cannot be the basis of rescission because the HELOC deed was executed in October 2006, *see* Dkt. No. 63 Ex. A[1], and a "right of rescission" under the statute "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).

This leaves the claims sounding in fraud in Count III, Count IV, and Count VII. These claims did not allege fraud with the particularity demanded by Federal Rule of Civil Procedure 9(b), and are dismissed with leave to amend. Kanagaratnam may file a second amended complaint for these counts only, and may not add any new parties or claims without the Court's prior consent. The amended complaint may not repeat any of the claims dismissed with prejudice. Kanagaratnam is advised that the second amended complaint must allege facts identifying "the who, what, when, where, and how" of the conduct said to be fraudulent. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation omitted).

A second amended complaint may be filed by June 5, 2026. A failure to meet this deadline, or otherwise conform to this order, will result in dismissal of the case under Federal Rule of Civil Procedure 41(b). The case is stayed in all other respects.

**IT IS SO ORDERED.**

Dated: May 18, 2026

JAMES DONATO
United States District Judge

---

[1] Cenlar requested judicial notice of the deed. Dkt. No. 63. Kanagaratnam did not object to notice, or dispute the contents of the deed. Judicial notice is warranted. *See* Fed. R. Evid. 201(b)(2); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).