UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEYA KANAGARATNAM,<br><br>            Plaintiff,<br><br>      v.<br><br>CENLAR FSB,<br><br>            Defendant. | Case No.  23-cv-02637-JD<br><br>**SECOND ORDER RE DISMISSAL** |

In this lawsuit by pro se plaintiff Kanagaratnam over her default on a home equity line of credit (HELOC), the Court dismissed with prejudice a number of statutory and California common law claims in the prior complaint.  Dkt. No. 70.  Three claims sounding in fraud were dismissed with leave to amend.  *Id*. at 3.  Kanagaratnam was expressly advised that the amended complaint must allege facts identifying "'the who, what, when, where, and how' of the conduct said to be fraudulent." *Id*. (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Kanagaratnam filed a second amended complaint (SAC) for the fraud claims.  Dkt. No. 75. Defendant Cenlar FSB asks to dismiss the SAC under Federal Rule of Civil Procedure 9(b) and other grounds.  Dkt. No. 80.  Kanagaratnam filed on oversized opposition that exceeded the Court's limits on pages, Dkt. No. 84, which the Court accepts on this one occasion in light of her pro se status.  The parties' familiarity with the record is assumed, and the SAC is dismissed.

The reasons for dismissal are straightforward.  The SAC alleges that Cenlar "intentionally fabricated a false, deceptive, and mathematically impossible loan ledger designed to extort unearned funds from Plaintiff and deceptively manipulate asset values." Dkt. No. 75 ¶ 10.  But the SAC is devoid of any facts that might plausibly establish that this was so.  The monthly billing statements for the HELOC do not fill in this shortfall, as Kanagaratnam urges in the SAC.  *Id*.  So too for the wholly conclusory statements in the SAC to the effect that Cenlar fabricated the

United States District Court
Northern District of California

balances owed by Kanagaratnam on the HELOC, *id*. ¶ 12, "concealed its lack of lawful authority to demand payments," *id*. ¶ 16, and other allegations in a similar vein, all of which were unsupported in the SAC by any allegations of fact.  Kanagaratnam's comments in the opposition brief about "one-penny balance inversion" and "lawyer-witness rule defiance," and the theory that the HELOC was "extinguished and zeroed out" by a "non-cash credit bid framework," shed no light on facts that might plausibly allege fraud against Cenlar.  *See* Dkt. No. 84 at 6-10.

Consequently, the SAC falls well short of the requirements of Rule 9(b) for the fraud claims.  The closing question is whether Kanagaratnam should be permitted another opportunity to amend.  The Court has afforded Kanagaratnam the generous consideration given to pro se litigants.  Even so, she "still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim." *Nordin v. Scott*, No. 3:21-CV-04717-JD, 2021 WL 4710697, at *1 (N.D. Cal. Oct. 8, 2021), *aff'd*, No. 22-15816, 2023 WL 4418595 (9th Cir. July 10, 2023). Kanagaratnam has now filed multiple complaints over the three-year lifespan of this litigation. She was afforded leave to amend after entry of a dismissal order that identified the shortcomings in her complaint, specifically including the requirements of Rule 9(b) for the fraud claims.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  The Court's discretion over subsequent amendment is "particularly broad," *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002), and the record indicates that further amendment would not be productive.  Consequently, dismissal is without further leave to amend, and the case is closed.  A separate judgment will be entered.

**IT IS SO ORDERED.**

Dated: July 1, 2026

_____
JAMES DONATO
United States District Judge